UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       |
KAREEM WOOD,                           |
                                       |
                Plaintiff,             |
                                       |   05 Civ. 2894 (KMW)
        -against-                      |
                                       |   OPINION AND ORDER
THE CITY OF NEW YORK, POLICE           |
COMMISSIONER RAYMOND W. KELLY, CLUB    |
LARGE RUNWAY CORP., CAPTAIN RALPH      |
MONTEFORTE, DETECTIVE CHRISTOPHER      |
KAROLKOWSKI, P.O. CHARLES PITAGNO,     |
P.O. ANDRE CRANDON, JOHN DOE POLICE    |
OFFICERS Nos. 1-4, and JOHN DOE        |
Nos. 1-6,                              |
                                       |
                Defendants.            |
                                       |
---------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

        By Order dated February 5, 2007, the Court directed

Plaintiff to advise the Court whether he intended to pursue

further action in this matter.  The Order advised Plaintiff that,

should he fail to respond by February 23, 2007, the Court would

consider dismissing the action <u>sua sponte</u> for failure to

prosecute.

        By Order dated May 11, 2007, the Court reiterated its order

that Plaintiff advise the Court whether he intended to pursue

further action.  The Order stated, "No later than **June 29, 2007**,

Plaintiff must advise the Court whether he intends to pursue

further action in this matter.  **FAILURE TO RESPOND TO THIS ORDER**

**MAY RESULT IN THE DISMISSAL OF THIS CASE.**"  <u>Wood v. City of New</u>

                                   1

<u>York</u>, No. 05 Civ. 2894 (S.D.N.Y. May 11, 2007) (emphasis in original).

Plaintiff has not responded to either order or communicated with the Court in any way.  The time to respond has expired, and Plaintiff's case is now dismissed.


**<u>DISCUSSION</u>**

District courts have inherent power to dismiss actions <u>sua sponte</u> for failure to prosecute.  <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630 (1962); <u>see</u> Fed. R. Civ. P. 41(b).  Before exercising this power, a district court must consider various factors, including

> "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

<u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001) (quoting <u>Alvarez v. Simmons Mkt. Research Bureau, Inc.</u>, 839 F.2d 930, 932 (2d Cir. 1988)) (alterations and omission in original).  These factors counsel in favor of dismissal of this action.

(1) *Duration of failures*.  Plaintiff has failed to comply with the orders of the Court for close to a year.  In his report

2

and recommendation of December 1, 2006, Magistrate Judge Gabriel W. Gorenstein noted that he had originally instructed Plaintiff to file proposed findings of fact and conclusions of law no later than November 21, 2005. Wood v. City of New York, No. 05 Civ. 2894, at 1 (S.D.N.Y. Dec. 1, 2006) [hereinafter Report]. Plaintiff received four extensions of this deadline. Id. Plaintiff failed to meet his September 30, 2006 deadline. See Wood v. City of New York, No. 05 Civ. 2894 (S.D.N.Y. July 17, 2006). Two weeks later, Magistrate Judge Gorenstein granted a last request for an extension. See Report 1. After Plaintiff again failed to reply, Magistrate Judge Gorenstein recommended that the default judgment against Defendant Club Large Runway Corp. be vacated, a recommendation the Court accepted. Plaintiff has subsequently failed to respond to this Court's orders of February 5, 2007 and May 11, 2007.

Because Plaintiff has failed to comply with multiple Court orders over a very long span of time, the first factor weighs heavily in favor of dismissal.

(2) *Notice*. The Orders of February 5, 2007 and May 11, 2007 both notified Plaintiff that failure to respond might lead to dismissal of his case. The May 11 order stated this notice in capital letters and bold, underlined font, using ordinary language, as the Second Circuit has recommended. See LeSane, 239 F.3d at 210.

(3) *Likelihood of prejudice*.  The Second Circuit has noted that "[p]rejudice to defendants resulting from unreasonable delay may be presumed." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982).  This factor leans slightly in favor of dismissal.  LeSane, 239 F.3d at 210.

(4) *Balance between calendar congestion and due process*. This factor leans against dismissal of this action, because Plaintiff's failure to comply has been "silent and unobtrusive rather than vexatious and burdensome." Id.  However, dismissal of the action is unlikely to prejudice Plaintiff's right to be heard, see Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), because Plaintiff's repeated failures to comply with the Court's orders suggest that he has no intention of taking advantage of this right.  As a result, the Court believes that this factor should be afforded relatively little weight.

(5) *Lesser sanctions*.  Although the Second Circuit has stated that resolution on summary judgment is preferable to sua sponte dismissal, see LeSane, 239 F.3d at 211, no motion for summary judgment is pending in this case, and thus no lesser sanction than dismissal is available.

The Court concludes that the balance of factors recommends dismissal of Plaintiff's action.

**CONCLUSION**

Plaintiff's complaint is dismissed for failure to prosecute. The Clerk of Court is directed to close this case.  Any pending motions are moot.

SO ORDERED.
Dated:    New York, New York
          July 13, 2007

                    _____
                         Kimba M. Wood
                    United States District Judge

5